FILED
AT ALBUQUERQUE NM
SEP 1 0 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID STEELMAN, III,

    Plaintiff,

v.        No. CIV-99-0668 MV/LFG

CHRISTIAN MARX, THREE UNKNOWN
(JOHN DOE) DEPUTY SHERIFFS OF
TORRANCE COUNTY, NEW MEXICO,
CHRISTIAN HARRINGTON,
DONALD DORSEY, JAMES McDONALD,
and GERALD CHRISTIAN, ET ALS,
IN THEIR INDIVIDUAL CAPACITY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court



applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

This is the ninth action, including habeas corpus proceedings and attempted removals of state criminal proceedings, Plaintiff has filed in this Court since April 1998. As a fugitive from Delaware justice, *Steelman v. Carper*, No. CIV-98-0478 JP/WWD (compl. filed April 21, 1998), Plaintiff was arrested twice in Torrance County, New Mexico. *Steelman v. Dorsey*, No. CIV-98-0508 SC/DJS (habeas corpus petition filed April 30, 1998); *Steelman v. Dorsey*, No. CIV-98-1361 JC/RLP (habeas corpus petition filed Nov. 2, 1998). The instant complaint asserts claims arising from a search and seizure on October 17, 1998, Plaintiff's second arrest on October 26, 1998, and his subsequent detention and extradition to Delaware. Plaintiff previously raised certain of these claims in a complaint which the Court dismissed without prejudice for Plaintiff's failure to comply with an order or to submit a partial payment toward the required filing fee. *Steelman v. Johnson*, No. CIV-98-1392 JP/RLP, slip op. filed March 3, 1999.

The complaint consists of seven claims for unlawful search and seizure, deprivation of property and liberty without due process, arrest without probable cause, false imprisonment, unlawful extradition as a result of a conspiracy, and kidnapping. Plaintiff alleges that on October 17, 1998, Defendant Marx and three Doe Defendants seized Plaintiff and his spouse[1] and searched his person, residence, and vehicle. Defendants did not have a warrant, probable cause, or consent to the searches or seizures. Plaintiff was released approximately two hours later. On that same day Defendant Marx unlawfully ordered Plaintiff to stay away from the residence of Sadie Ventura, Plaintiff's former

---

[1] The complaint does not appear to assert claims on behalf of Plaintiff's spouse, Sharon Trujillo.

2

spouse.[2] Marx's order enabled Ventura to sell certain of Plaintiff's personal property without his consent. Nine days later, on October 26, 1998, the same Defendants, again without a valid warrant, probable cause, or consent, arrested Plaintiff on a purported Delaware fugitive warrant and seized his vehicle and its contents. Defendants Marx, Harrington, Christian, McDonald, and Dorsey conspired to keep Plaintiff imprisoned, to extradite him to Delaware, and to prevent consideration of his claims by this Court and a state trial court. Plaintiff's wrongful imprisonment has caused him to lose income, real and personal property, his marriage and his liberty. The complaint seeks declaratory relief and damages.

The allegations in Claim II that Sadie Ventura sold certain of Plaintiff's personal property without his consent, and that Defendant Marx "contribut[ed]" to this loss by ordering Plaintiff to stay away from the Ventura residence, do not support a claim against Marx for deprivation of property without due process.[3] A complaint under § 1983 must allege facts demonstrating the two elements in the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element, a complaint does not state a claim under § 1983. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979) (plaintiff must allege a violation of a federally protected right). Here, Defendant Marx did not seize or sell Plaintiff's property, and thus he did not violate Plaintiff's federal due process property rights by "ordering" him to stay away from Ventura's residence. The due process claim based on the sale of

---

[2] The complaint in *Steelman v. Carper*, No. CIV-98-0478 JP/WWD, refers to Ms. Ventura as Plaintiff's spouse at the time of the original events in Delaware.

[3] Claim II also asserts that Plaintiff's truck was illegally seized; this claim is addressed below.

3

property will be dismissed.

In Claims III-VII, Plaintiff claims he was arrested without probable cause and his continuing imprisonment is thus illegal. These violations amounted to kidnapping and resulted from a conspiracy among most of the Defendants. These claims appear to call into question the constitutionality of the criminal conviction by which he is incarcerated. In *Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994), the Supreme Court held that a person may not challenge the constitutionality of a conviction in a suit for damages under § 1983 if "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." The Court takes notice that Plaintiff remains incarcerated and his habeas corpus proceeding under 28 U.S.C. § 2254 was transferred to Delaware. *Steelman v. Dorsey*, No. CIV-98-1361 JC/RLP, slip op. filed March 29, 1999. Because Plaintiff does not allege "termination of the prior criminal proceeding in [his] favor," *Heck*, 512 U.S. at 484, his allegations of arrest without probable cause and false imprisonment fail to state claims cognizable under § 1983, and amendment would be futile. *Hall v. Bellmon*, 935 F.2d at 1109; *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (plaintiff who overturns conviction may then bring § 1983 action). These claims will be dismissed.

Last, in Claims VI and VII Plaintiff claims his extradition to Delaware was illegal and resulted from the same conspiracies noted above. In cause No. CIV-98-0478 JP/WWD, Plaintiff raised a similar claim seeking an injunction prohibiting his extradition. The claim was dismissed, and the reasoning for the dismissal applies to the instant claim. *See Cuyler v. Adams*, 449 U.S. 433, 443 n. 11 (1981); *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991). Plaintiff's damages claim resulting from his extradition will be dismissed.

Judgment will be entered on Plaintiff's claims in favor of Defendants Harrington, Dorsey,

McDonald, and Christian. Because these Defendants are no longer named parties, dismissal of claims against them is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of these Defendants on Plaintiff's claims. Fed.R.Civ.P. 54(b).

IT IS THEREFORE ORDERED as follows:

1) Plaintiff's due process claim in Claim II arising from the sale of personal property is DISMISSED with prejudice;

2) Claims III-VII are DISMISSED without prejudice in their entirety, except for the claim of illegal extradition which is DISMISSED with prejudice;

3) Defendants Harrington, Dorsey, McDonald, and Christian are DISMISSED as parties to this action;

4) judgment will be entered in favor of Defendants Harrington, Dorsey, McDonald, and Christian in accordance with this opinion;

5) with respect to Plaintiff's search and seizure claims in Claim I, and the claim for seizure of real and personal property in Claim II, the Clerk is directed to issue summons, notice and waiver forms for Defendant Marx; and Plaintiff will be allowed a reasonable time to identify and serve the Doe Defendants.

_____
UNITED STATES DISTRICT JUDGE